———————o———————

THE INDIANA CENTRAL RAILWAY COMPANY *v.* MOORE.

MEASURE OF DAMAGES.—The railway company contracted to construct and keep in repair seven cow-pits on the land of *Moore;* but constructed such cow-pits in such careless and improper manner, as to render them of no use or value. Suit by *Moore* on breach of contract.

*Held,* that it was error in the court below to find that the measure of damages was the amount which it would have taken to construct and keep in repair the seven cow-pits up to the commencement of the suit.

*Held,* that if the railway company had failed to construct the cow-pits, and *Moore* had built them and kept them in repair, he might have recovered the cost of such construction and repair.

*Held,* also, that if the construction was defective, and not suitable to the purpose intended by the parties, he could recover the damages resulting from such defect, and nothing more.

APPEAL from the *Marion* Circuit Court.

DAVISON, J.—*Moore,* who was the plaintiff, sued the railway company upon an agreement, in writing, which stipulated as follows: 1. That a claim on the defendant for damages, on account of the passage of the road through the plaintiff's land, be submitted to the assessment of *Benjamin J. Blythe, John Brown,* and *John Sutherland,* as arbitrators. 2. That defendant make and construct, on said land, as her engineer may direct, seven cow-pits, for fencing across the road, and keep the same in repair. 3. That plaintiff shall be permitted to cross and recross the road at suitable places, and prepare the side of it for crossing with teams, etc. 4. That such damages for the right of way, as may be found by the arbitrators, shall be paid by the defendant to the plaintiff in cash— one-half within sixty days from the date of the assessment, and the residue on the first of *January,* 1853. Pursuant

to this agreement, the arbitrators did, after its execution—viz: on the 20th of *May*, 1852—assess damages in favor of the plaintiff, and against the defendant, at $700. The breach alleged in the complaint, and relied on by the plaintiff, is, that " defendant has never made nor constructed the seven cow-pits, mentioned in the agreement, in such manner as they ought to have been made; but, on the contrary, constructed the same in such a careless and improper manner, as to render them of no use or value to the plaintiff." Proper issues having been made, the cause was submitted to the court, who found for the plaintiff, and assessed his damages at $189. There is, however, in a bill of exceptions, a statement in reference to the damages, which reads thus: " The court found that the measure of the plaintiff's damages was the amount that it would have cost to construct, and keep in proper repair, the seven cow-pits named in the complaint, up to the commencement of this suit; and that the cost of properly constructing the pits would have been $15 each, and the cost of keeping them in repair would have been $4 each per annum, making in all $240; which sum the court found for the plaintiff." Motion for a new trial denied, and judgment in favor of the plaintiff for $189. The grounds relied on for a new trial were: 1. The finding was unsustained by the evidence, and was contrary to law. 2. The finding was excessive. It will be noted that there is a discrepancy as to the amount found by the court. The record entry makes it $189, while in the bill of exceptions it is stated to be $240. It is conceded that the latter statement of the finding was the result of a mistake in estimating the amount, and that the former, upon which the judgment was rendered, was intended by the court.

The court, as we have seen, has given the rule on which it estimated the plaintiff's damages; and, in looking into the whole record, we are satisfied that the finding was based upon the rule thus indicated. The rule, as laid

down by the court, can not, it seems to us, be legitimately applied to the facts of the case. If the plaintiff, the railway company having failed to perform the work, had constructed the pits and kept them in repair, he might have recovered the value of such construction and repair; but the evidence, instead of showing that the plaintiff did the work, shows that the pits were built and kept in repair by the company. There is, it is true, evidence tending to prove that their construction was, in some respects, defective, and was not entirely suitable to the purposes intended by the parties; but, in that case, the plaintiff would be entitled to recover damages resulting from such defect, and nothing more. There is, however, no special damage alleged in the complaint, nor is there evidence in the record, amounting to proof, that the plaintiff incurred any amount of such damage. We are of opinion that the verdict is not sustained by the evidence.

*Per Curiam.*—Judgment reversed, with costs, etc.

*Newcomb & Tarkington,* for appellant.

*McDonald & Porter,* for appellee.

