Buck *v.* Rodgers.

*W. Z. Stuart*, for appellant.

---

## BUCK *v.* RODGERS.

LANDLORD AND TENANT.—*Repairs.*—*Measure of Damages.*—Where a landlord agreed with his tenant that he would deliver sufficient rails to repair the fences, so as to protect the crops on the farm, and the tenant sued to recover

Buck *v.* Rodgers.

for a breach of such contract, alleging that, by reason of the breach, his crops were damaged, and the evidence did not show any want of diligence on the part of the tenant to protect his crop, notwithstanding the insufficiency of the fences, it was not error to instruct the jury that the damages of the plaintiff were not measured by the difference between the rental value of the farm as it was, and as it should have been according to the contract; and that the tenant might have repaired the fence and charged the cost to the landlord, if the latter did not furnish the rails within a reasonable time, but that if he, in good faith, waited for the landlord to furnish the rails, he could recover the damages actually sustained.

APPEAL from the Tippecanoe Common Pleas.

WORDEN, J.—This was an action by the appellee against the appellant, commenced before a justice of the peace. The complaint alleged, in substance, that the plaintiff rented from the defendant a certain farm for the term of one year, at a rent of three hundred dollars, which the plaintiff paid to an assignee of a note given by the plaintiff to the defendant therefor; that the defendant agreed to haul and deliver rails sufficient to repair the fences, so as to protect the crops on the farm, but that he failed to do so, whereby the crops were left unprotected, and the plaintiff was damaged to the amount of one hundred and twenty-five dollars, etc.

The plaintiff recovered a judgment for one hundred and twenty-five dollars before the justice, and on appeal to the common pleas by the defendant, a like recovery was had in that court.

Two questions are made in the cause, viz., whether the verdict (the cause having been tried by a jury) was sustained by the evidence, and whether the court erred in giving a certain instruction.

We are quite clear in the opinion, that the judgment below ought not to be disturbed on the evidence. The verdict is well sustained by the evidence, and seems to us to be in accordance with its weight.

The charge complained of is as follows:

"Upon the question of the measure of damages, if you should find for the plaintiff, I will say that the difference between the rental value of the farm as it was, and as it

should have been, according to the contract, is not the measure of damages. The plaintiff might have repaired the fence and charged the expenses to the defendant, if the defendant did not furnish rails, according to his contract, in a reasonable time; but if he, in good faith, waited for the defendant to furnish the rails, he can recover the damages he has actually sustained. Of course, this instruction is not applicable to the case, if you find that the defendant performed his contract, either according to *its letter* or to the satisfaction of the plaintiff."

The objection made to the charge may be best stated in the language of the counsel for the appellant. They say in their brief: "It places no obligation upon the plaintiff whatever, to make the slightest effort to save or protect his crop, but makes it optional with him to release himself from anything of the kind. He might stand by and see his crop destroyed, let the damages be great or small, and be fully indemnified under his contract, in default of the *defendant* furnishing the full amount of rails required."

If the evidence in the cause, which is set out in a bill of exceptions, showed any want of diligence on the part of the plaintiff to protect his crop, notwithstanding the insufficiency of the fences, the objection urged to the charge would deserve careful consideration. But the reverse is very clearly shown by the evidence. The plaintiff seems to have done all that could be reasonably required of him, to protect his crops, if not more than the law would absolutely have required under the circumstances.

The plaintiff testified that when the time came for plowing, he went to work upon the farm, supposing that the rails would be furnished, as agreed, before the crops would be endangered from stock. It is quite apparent that sufficient rails were not furnished to repair the fences. Stock began to break in and injure the crop. The plaintiff was required to watch the fields to keep out stock. Had he not done so, the crop would have been entirely destroyed. *He* estimates the time spent in watching the fields day and night, and

driving out cattle, to be of the value of fifty dollars. He kept his son out of school for that purpose. He says that at the time the cattle began to break in, he had no rails of his own, or means to buy them, or time to haul them without neglecting his crop. A Mr. Cole, a credible witness apparently, testifies that cattle broke in and destroyed some of plaintiff's corn; saw him turn them out frequently. He turned them out one night in a storm, in which the witness says he would not have been out for fifty dollars.

Under these circumstances, the objection to the charge cannot prevail. As applied to the case made by the evidence, the charge, if not strictly correct as a general proposition, worked no harm to the plaintiff. Indeed, we think it may be said, that as applied to the case made by the evidence, the charge was correct.

The judgment below is affirmed, with costs.

*H. D. Lee* and *P. H. Lee*, for appellant.

*C. A. Ray* and *J. M. Davidson*, for appellee.