Hendry *v.* Squier *et al.*

---

No. 14,478.

HENDRY *v.* SQUIER ET AL.

LANDLORD AND TENANT.—*Action for Rent.—Answer Pleading Termination of Lease.—Insufficiency of.*—In an action to recover rent for leased premises, under a lease reserving to the tenant the right to terminate the tenancy by giving sixty days' notice, an answer attempting to plead a termination of the lease, by written notice in accordance with the terms of the lease, but which alleges the giving of only twenty days' notice, and the surrender of the premises in thirty days from the date at which the notice was given, is bad.

SAME.—*Agreement to Repair.—Breach of.—Injuries to Tenant's Goods.—Damages.*—Where the lessor of a building, leased for a term of years commencing in December, 1884, agreed to put a new roof on a part of the building before the first of July, 1885, it being stipulated in the lease

that the tenant released all claim for damages for injuries to goods in the part of the building to be repaired, up to that time, the tenant could not recover damages for injuries to the goods by reason of the failure of the lessor to make the repairs after having been requested so to do by the tenant. It was the duty of the tenant, upon the lessor's refusal, to make the repairs himself, and offset the amount against the rent. *Buck* v. *Rodgers*, 39 Ind. 222, distinguished.

From the Steuben Circuit Court.

*W. G. Croxton, S. Powers, D. R. Best* and *E. A. Bratton*, for appellant.

*J. A. Woodhull* and *W. M. Brown*, for appellees.

OLDS, J.—On the 29th day of December, 1884, the appellees, by written contract, leased to the appellant a brick store building, for the term of three years, at the monthly rental of $36, the appellant reserving the right to terminate the tenancy and vacate the premises by giving sixty days' notice of his intention prior to such intended termination; the appellees agreeing to put a new roof on the part of said building at the time used for a wareroom and clothing room, the roof to be put on before the first day of June, 1885. The appellees brought this suit to recover the rent for the premises under the lease. The lease contained a stipulation that the appellant released all claim for damages for injuries to goods in said wareroom which had accrued, or might accrue up to June 1st, 1885. Issue was joined on the complaint, and a trial had, resulting in a finding and judgment for appellees. The questions presented by this appeal arise on the rulings of the court in sustaining demurrers to the third paragraph of the appellant's answer, and the first paragraph of appellant's cross-complaint. The answer seeks to avoid liability for a portion of the rent sued for, by alleging the giving of notice of his intention to terminate the lease, and surrendering possession of the premises under the lease. The lease provides that it may be terminated by sixty days' notice on the part of the appellant, and the answer only avers the giving of twenty days' notice, and the sur-

render of the premises in thirty days from the date of giving the notice. It is not contended, on behalf of the appellant, that notice was given and the lease terminated in accordance with the terms of the lease; but it is insisted that the answer pleads a surrender and acceptance of the premises, and is, therefore, sufficient, regardless of the terms of the lease. The lease might, undoubtedly, be terminated by an agreement between lessor and lessee, or a surrender by the lessee and acceptance by the lessor; but this paragraph of answer does not seek to set up any such termination of the lease, but attempts to plead a termination of the lease by written notice in accordance with the terms of the lease; and it does not show a compliance with the terms of the lease providing for its termination, and the demurrer was properly sustained.

The first paragraph of cross-complaint, or counter-claim, alleges the failure of the appellees to put a new roof on the wareroom, as agreed, and that by reason of such failure appellant's goods were injured by the rain and snow to the damage of the appellant in the sum of $541. It is not contended but that the appellant might set up and recoup all legal damages he had sustained by reason of appellees' failure to put a new roof on the building; but it is contended that he is not entitled to recover the damages pleaded for injury to his goods; that such damages are remote, and speculative, and not within the contemplation of the parties at the time of making the contract. If the appellant is not entitled to recover damages for injuries sustained to his goods; then the demurrer was properly sustained to the first paragraph of counter-claim.

It will be noticed that the lease went into operation in December, 1884, and the roof was not to be put upon the building until June, 1885, and that the room was in use at the time of the lease for a wareroom and clothing-room; so that the only inference to be drawn from the lease itself is that the room was to be used in the condition it then was

until June, 1885, and appellant was to have no claim for damages up to that date; and there is no stipulation in the contract by which appellees agree to pay for any injury to goods after that date. So, the question is presented as to whether appellees are liable for damages sustained to the goods by reason of their agreement to repair the roof by putting on a new one, and failing to do so. In the absence of any agreement to that effect, the lessor is not bound to make repairs, and it is only by virtue of the stipulation in the lease that he is liable in this instance to repair the building.

If the appellees had refused to make the repairs, and put a roof on the part of the building, as they contracted, or had failed to do so within a reasonable time, the appellant might have made the repairs and offset the amount against any rent due for the premises; or possibly he might have recovered the difference in value of the rent of the premises in the condition they were in and the condition they were to be placed by the appellees; but we are not called upon to determine what would have been appellant's true measure of damages; it is only necessary to decide as to whether or not he is entitled to recover for the injury done to his goods by reason of the defective roof.

In 1 Sedgwick Measure of Damages, top p. 126, it is said: " Where, in a lease of a dairy farm for five years, the lessor agreed to put the barns on the premises in a good state of repair, but neglected to do so, it was held that the lessee could recover the amount it would cost to put the barns in repair, but not the damages sustained by injuries to the cows and young cattle, the increase of food and the decrease of produce resulting from the state of the barns; these damages being ' altogether too remote and contingent.' " *Dorwin* v. *Potter*, 5 Denio, 306.

In the case of *Leavitt* v. *Fletcher*, 10 Allen, 119, where the lessor agreed to make all necessary repairs to the outside of the building, a wooden carriage-house, and the house fell from the weight of snow and injured the lessee's carriage kept

therein, it was held that the lessor was not liable for the injury to the carriage. In *Cook* v. *Soule*, 56 N. Y. 420, it is held that the measure of the tenant's damage is the difference between the rental value of the premises, as they are, and as the landlord agreed to put them. In that case, it is said by the learned judge writing the opinion: " In cases where the requisite repairs are trifling, and the damage by not making them are large, I think it is the duty of the tenant to make them and charge the landlord with the cost." See authorities collected in note to *Polack* v. *Pioche*, 95 Am. Dec. 117. It is a well-settled rule that where one is subjected to injury from the breach of a contract he must make reasonable exertion to reduce his damages as much as practicable. *Louisville, etc., R. W. Co.* v. *Flanagan*, 113 Ind. 488 ; *Louisville, etc., R. W. Co.* v. *Sumner*, 106 Ind. 55.

It would be manifestly unjust to hold that even where a landlord had contracted to make all necessary repairs, the tenant might permit his goods to so remain beneath a leak in the roof which it would cost but a trifle to repair, and which, if left out of repair, would cause large damage to his goods, and subject the landlord to the payment of such damages.

As shown by the averments in the pleading, the condition of this roof was well known to the appellant long before the time when the landlord was to repair it by putting on a new roof. And it is further averred that the appellant requested the repairs to be made, and the appellees refused to make the repairs. This gave the appellant the right to make the necessary repairs and charge them to appellees. *Hopkins* v. *Ratliff*, 115 Ind. 213. Certainly, after such refusal appellant could not voluntarily permit his goods to remain in the building and suffer injury, and recover the damage from the appellees. Yet, under these circumstances, the appellant allows his goods to remain in this end of the building, and be damaged by the rainfall, when, for aught that appears in the pleading, it would have

been a small expense to have repaired it, or that even a new roof upon the building would have cost much less than the damages sustained to the goods.

It is contended that the decision in the case of *Buck* v. *Rodgers*, 39 Ind. 222, sustains the theory of the appellant. We do not think it in conflict with the view we take in this case. The facts in that case were peculiar, and very strong in favor of the tenant. The landlord had covenanted to repair the fence; the tenant relied upon his doing so, and planted his crop. The tenant had no rails; he could not repair the fence; he kept his son from school to guard his crops; he did all he could to protect them; the crops he could not remove, and the tenant did all in his power to protect them, and it was held that under the circumstances in that case the tenant was entitled to the damages he actually sustained. But no general rule of damages is laid down, or stated, by the court; but this court sustained the charge of the court below, and said, if not strictly correct, it worked no harm to the appellant.

We do not think the appellant entitled to recovery for the injuries to his goods, and there was no error in sustaining a demurrer to the first paragraph of counter-claim.

Judgment affirmed, with costs.

