Filed March 24, 1896.

---

No. 1,937.

## ABERDEEN COAL AND MINING COMPANY *v.* CITY OF EVANSVILLE.

LANDLORD AND TENANT. — *Abandonment of Premises by Tenant.* — *Liability for Rent.*—The abandonment of leased premises by the lessee does not discharge him from payment of rent, unless the lessor does something signifying an intention to resume possession.

SAME. — *Abandonment of Premises.* — *Rent.* — *Burden of Proof.* — *Estoppel.*—A lessee who has abandoned the demised premises has the burden of proving in an action for rent, that the lease had been surrendered or that the lessor had estopped itself to claim the rent.

SAME.—*Abandonment of Premises.*—*Re-renting.*—The landlord is not required to rent the premises, after the tenant has abandoned them, for the latter's benefit.

From the Vanderburgh Circuit Court.

*J. E. Williamson*, for appellant.

*G. A. Cunningham*, for appellee.

LOTZ, J.—The appellee leased to the appellant a part of the public landing on the Ohio river in the city of Evansville, known as the Lamasco Wharf. The part leased was described substantially as follows: Begin-

ning at the water's edge on the upper boundary of said wharf, and extending thence down the water's edge 125 feet, and thence back to the shore from low watermark to the top of the levee. The lease was in writing, and the premises were demised for the period of one year at an annual rental of $250.00, payable monthly, in installments.

This action was brought to recover rent alleged to be due, under the lease. The cause was put at issue and tried by the court, which, at the request of the parties, made a special finding of the facts and stated conclusions of law thereon. The appellant excepted to the conclusions of law. The error assigned is that the court erred in its conclusions of law. The facts as found are substantially as follows:

For many years prior to the execution of the written contract set out in the complaint, one Philip Pfisterer obtained a license from the city and erected and did maintain a dock 125 feet in length in front of the lands leased, covering the entire front thereof, which dock was attached to the shore; but Pfisterer claimed no right in the soil nor easement from the city. The dock was used as a means of unloading barges and other water craft; the city collecting wharfage at the regular price for the crafts landing and unloading at the dock.

At about the time the lease was executed the appellant contracted with Pfisterer for the exclusive use of the dock for the purpose of unloading its coal, and employed Pfisterer to haul the same for it; the appellant used the dock and premises until about April 28, 1893, when desiring to discontinue its business at that place, it communicated with the board of public works of the city, and offered to surrender its lease, but no agreement for the surrender was reached; the appellant abandoned the leased premises without the consent of

the city; the appellant also removed all of its property from said premises and from the city of Evansville, and ceased to do business therein and terminated its arrangement with Pfisterer; the appellant paid the rent for the first three months of the year, January, February and March; about the time the appellant ceased to use the premises the Evansville Gas Company caused certain barges to be unloaded on the premises, beginning on the 28th day of April, and continued in possession loading and unloading of coal barges until May 14th; on June the 19th the Gas Company unloaded coal again, and occupied the premises until July 2d; on November 26th the Gas Company again unloaded its barges on the premises; Pfisterer was employed by the Gas Company to unload its barges, as he had been accustomed to do for many years before; for the use of this landing the city, by and through its wharfmaster, collected from the Gas Company the sum of $78.68, which was paid into the city treasury; the appellant paid on the lease, under its contract, the sum of $62.55.

The court stated, as conclusions of law, that there was no rescission or surrender of the contract, and gave the appellant credit for the rent paid and the wharfage collected and rendered judgment in favor of the city in the sum of $109.85.

The appellant insists that it follows from the facts found that the lease was surrendered by operation of law, and that the conclusions of law are therefore erroneous.

There can be no doubt but that a surrender will sometimes take place by operation of law, and when it does so the tenant will not be liable for the rent after such surrender. If the landlord dispossess the tenant, or if the tenant abandon the premises and the landlord let them to another tenant for a distinct term, and collect

rents from such tenant, such acts operate as a surrender in law. *Miller* v. *Michel*, 13 Ind. App. 190; *Phene* v. *Popplewell*, 12 (C. L.) C. B. (N. S.) 334; *Amory* v. *Kannoffsky*, 117 Mass. 351; *Thomas* v. *Cook*, 2 B. and Ald. 119.

In order to constitute a surrender by operation of law there must be some decisive act on the part of the landlord, showing his intention to deprive the tenant of his estate. *Phene* v. *Popplewell*, *supra*; *Bessell* v. *Landsberg*, 7 Q. B. 638.

A surrender by the tenant may take place by express agreement between the parties, or by acts which are equivalent to an agreement. 1 Wash. Real Prop. 354; Taylor Landl. and Ten., section 507.

In the case at bar the abandonment of the premises by the appellant did not of itself discharge it from the payment of the rent. The city must have done something which signified its intention to resume the possession of the premises, either for itself or for another tenant. There was no permanent occupancy of the premises by other persons, nor is there any finding that such occupancy was procured by the city; or, in other words, that it created a new lease or tenancy. There is no finding that the wharfmaster had any authority to make leases. So far as it appears he was only authorized to collect the wharf charges. He may have done this in the instances found as incidental to his official duty, and with no purpose to bind the municipality, in respect to a surrender; nor is there anything to show that he had any such authority. When the city produced its lease and showed that the rent was unpaid, it had established its case. If the appellant desired to show that the lease had been surrendered, or that the city had estopped itself to claim the rents, the burden was upon it to plead and prove such defenses. The facts found are evidence

of a surrender, but do not constitute a surrender in law. There is no decisive act shown on the part of the city which operates as a surrender by operation of law. *Woodward* v. *Lindley*, 43 Ind. 333.

It has been held that the declarations of the landlord that his tenant has given up his lease accompanied by an unsuccessful attempt to lease to another, is not conclusive evidence that the relation has ceased, nor is the abandonment of the premises by the tenant with an unaccepted offer to deliver up the key; nor is taking care of the key and cleaning the windows of the house after the tenant had left.  *Milling* v. *Becker*, 96 Pa. St. 182.

The landlord is not bound to rent the premises after the tenant has abandoned them, for the benefit of the tenant.  *Milling* v. *Becker, supra.*

In this case the appellant was liable for the rent according to the contract.  The fact that the court gave the appellant credit for the wharfage is a matter of which it cannot complain.

Judgment affirmed.

