MAGEE *v.* INDIANA BUSINESS COLLEGE.

[No. 13,394. Filed May 28, 1929. Rehearing denied September 12, 1929.]

*Long & Yarlott*, for appellant.
*Fansler & Douglass*, for appellee.

LOCKYEAR, J.—This is an action brought by the appellant against the appellee to collect rent for the use and occupancy by the appellee of a portion of a building owned by appellant in Logansport, Indiana, which was occupied by the appellee for the purpose of conducting a business college therein.

The original complaint was for three months' rent at $50 per month from August 1, 1926, to November 1, 1926. Later, supplemental complaints were filed seeking to collect the rent down to June 1, 1927, making a total of ten months' rent or $500.

A written lease was signed by appellant and appellee on February 20, 1920, which contained the following stipulation as to the term of the lease: "To have and to hold the same for and during a period of 5 years from the 1st. day of March, 1920, ending and being complete on the 28th. day of February, 1925, yielding and paying therefor the sum of $600.00 for each year of the term herein demised, said sum to be paid in monthly payments of $50 each in advance, without relief from valuation or appraisement laws and with attorney's fees. The said party of the second part shall have the privilege of an-

other term of five years from said 1st. day of March, 1925, if the parties or successors, can agree upon the rental for said premises."

The issues were joined by the appellee filing answer in general denial to the complaint. There was a trial by a jury and a finding for the appellee. The appellant assigns as error the overruling of his motion for a new trial, the specifications of which are the verdict of the jury is not sustained by sufficient evidence and is contrary to law. The appellant also assigns as error the giving and the refusing to give certain instructions and in admitting certain evidence.

The appellant in his brief fails to set out all of the instructions given by the court and therefore we cannot say that any error was committed in reference to the giving or refusing to give instructions.

It is undisputed that the appellee herein had the privilege of another term of five years from March 1, 1925, on condition that the parties agree upon the rental for said premises. It is undisputed that in July, 1924, a conference was held between a Mr. Butz, president of the appellee college, and appellant with reference to a renewal of the lease. It is the appellant's contention that the amount of rent agreed upon was $50 per month, the same as under the old lease, on the further condition that he should do some painting and make repairs to the premises, all of which he did, and that the appellee remained in possession of the premises thereafter for fifteen months, and then the appellee vacated the premises and never paid any rent after that time.

The rights and duties of landlord and tenant in cases where there is a lease for a definite term and option to hold over after the term is fully discussed in the case of *Montgomery* v. *Board, etc.* (1881), 76 Ind. 362, 40 Am. Rep. 250, where it is held that where a party who is in possession of premises under a lease to hold them for

three years, with the privilege of holding them five years upon the same terms, at his option, and who continues to occupy them after the expiration of three years, thereby elects to hold them for the full term of five years. For a fuller discussion of the law pertaining to various phases of this subject, see the following cases: *Barnett* v. *Feary* (1885), 101 Ind. 95; *Falley* v. *Giles* (1867), 29 Ind. 114; *Aberdeen Coal, etc., Co.* v. *City of Evansville* (1896), 14 Ind. App. 621, 43 N. E. 316.

The case of *Terstegge* v. *First German, etc., Society* (1883), 92 Ind. 82, 47 Am. Rep. 135, holds that under a lease to one for a definite time, with the privilege of five years more to the lessee, no notice by the lessee of his intention to continue is required, but a holding over after the expiration of the first period is an extension of the demise for the additional period.

An oral agreement to renew and extend a lease acted upon by either party, by the expenditure of money, taking possession, etc., is binding on the parties and may be enforced. *St. Joseph, etc., Co.* v. *Globe, etc., Co.* (1901), 156 Ind. 665, 59 N. E. 995; *Habich* v. *University Park Bldg. Co.* (1912), 177 Ind. 193, 97 N. E. 539; *Bollenbacker* v. *Fritts* (1884), 98 Ind. 50.

A landlord is under no obligation to keep leased premises in repair or clean unless he contracts to do so. If he contracts to do so and then fails to keep the covenant, the tenant's remedy is an action for damages and does not release the tenant from obligation to pay rent.

Appellee made its entire defense in this case upon the proposition that on February 28, 1925, when the old lease expired, negotiations were pending between the parties with reference to a new or extended lease, and, because such negotiations were pending, appellee did not, by holding over and remaining in the property and by continuing to pay the same rent as

before, become a tenant for another term of five years, but became a tenant at will only. Appellant says that there is absolutely no evidence in the record to support this contention. It is admitted that the parties had been negotiating several months prior to that date for the extension of the lease for a new term of five years. It is admitted that appellant expended between $400 and $500 in repairing the leased premises in the fall of 1924, relying upon the appellee's promise and agreement to extend the lease for another period of five years. That appellee paid the rental that was agreed upon. It is not the law in Indiana that a tenant who holds over pending negotiations for a new lease thereby becomes a tenant at will. This matter is entirely controlled by statute and our Indiana statute provides: "A tenancy at will cannot arise or be created without an express contract." §9540 Burns 1926.

It is the contention of the appellant that the appellee had become and was a tenant for the full term of five years and that, in any event, it would be a tenant from year to year and obliged to pay rent up to March 1, 1927. In harmony with this view of the case, we hold that, in either event, the appellant was entitled to a verdict on the undisputed evidence; and in a retrial of this case, if the jury should find from the evidence that there was an agreement between the appellant and the appellee on the rental, then a new term of five years was created; if the jury should find they had not agreed upon the rental, but the tenant remained in possession and paid the $50 per month rent therefor, a tenancy from year to year was thereby created, under the law then existing.

Judgment reversed.

LOCKYEAR, J.—Whereas, Benjamin F. Long, did on the 16th day of July, 1929, file affidavit in this court

wherein he alleges that he is one of the attorneys for the appellant in the above-entitled cause; that the appellant died in April, 1929, after the submission of this cause and before the decision thereof by this court. Wherefore, on behalf of the appellant, he prays that the decision of the court revert to and be entered as of the date of submission thereof.

This court being sufficiently advised in the premises, now orders that the decision of the court relate back to and be entered as of date of submission herein.