PHILLIPS PETROLEUM CO. *v.* MAPLE ROAD REALTY CO.

[No. 18,325. Filed December 19, 1952. Rehearing denied
January 15, 1953. Transfer denied March 31, 1953.]

*Bachelder & Fife,* of Indianapolis, for appellant.

*Grabill & Baker,* of Indianapolis, for appellee.

BOWEN, J.—This is an appeal from a judgment in an action brought by appellee for rent under the terms of a written lease. The issues were joined on appellee's complaint in two paragraphs for rent; and an answer in four paragraphs, which answer was in the nature of a denial, and in addition in such answers, appellant alleged that Paragraph Four of the lease in question for which rent was sought in the complaint contained a provision: "The lessor agrees, at his sole cost and expense, to maintain the buildings, driveways, plumbing, heating equipment and electrical wiring." The appellant, defendant below, alleges that appellant wrote to appellee, plaintiff below, and notified it of the fact that the property required certain repairs which it was alleged appellee was obligated to maintain under the above provision of the lease, that the appellee failed and refused to make the same, and withheld the amount of the cost of the repairs from the rent, which was claimed in appellee's complaint. The answer also alleges that such repairs were necessary and chargeable to appellee under the terms of said lease. The appellee filed its reply to such answer.

The cause was submitted to the court without a jury, and the court rendered judgment for appellee, Maple Road Realty Company, for rent in the sum of $370.87, together with costs.

The sole error relied on for reversal is that the court erred in overruling appellant's motion for a new trial, the grounds of which motion were that the decision was not sustained by sufficient evidence and was contrary to law.

The cases and authorities seem to hold uniformly that a claim for improvements or repairs made by a tenant, where the landlord has agreed to pay therefore, or where the landlord is obligated to make such repairs or improvements presents a proper cause for recoupment, set-off, or counterclaim. As such, the burden would therefore lie on the tenant to sustain the burden of proof as to such charges. 52 C. J. S., *Landlord and Tenant*, p. 376, §557 (e); *Magee* v. *Indiana Business College* (1929), 89 Ind. App. 640, 166 N. E. 607, 167 N. E. 918; *Pickens* v. *Bozell* (1858), 11 Ind. 275; *Restatement of Contracts*, §290; *McCoy* v. *Oldham* (1890), 1 Ind. App. 372, 27 N. E. 647; *Block et al.* v. *Ebner* (1876), 54 Ind. 544.

In this case, the burden of proof was on the appellant, Phillips Petroleum Company, to prove that the appellee had failed to make the repairs in accordance with the lease under its answer in which the appellant claimed credit for such repairs. The appellee was not required to allege and prove in its complaint for rent, that it had made such repairs, and such burden was on the appellant, tenant.

It is settled law that in an appeal by a party having the burden of proof as the appellant did in the instant case, and where the judgment is against the party having the burden of proof, an assignment in the motion for a new trial that the decision is not sustained by sufficient evidence is inappropriate to present any question upon appeal for the reason that a negative verdict or decision against the party having the burden of proof may not be attacked upon the ground that there is a lack of evidence to support it. *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 51 N. E. 2d 474; *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905; *Rowe* v. *Johnson* (1945), 223 Ind. 289,

60 N. E. 2d 529; *Smith, Executrix* v. *Strock, Executor* (1945), 115 Ind. App. 518, 60 N. E. 2d 157; *Myers* v. *Brane* (1944), 115 Ind. App. 144, 57 N. E. 2d 594; *Scoopmire* v. *Taflinger* (1944), 114 Ind. App. 419, 52 N. E. 2d 728.

This leaves for the consideration of this court the question as to whether or not the decision and finding of the trial court was contrary to law.

The appellant contends that the evidence is undisputed and leads to only one reasonable conclusion that the appellant made the repairs in question and was entitled to credit therefor against the rent, and that for this reason the judgment is contrary to law.

After an examination of the evidence on behalf of both appellant and appellee, this court cannot say as a matter of law that the evidence leads inescapably to one conclusion. The decision and finding of the trial court, by reason of such assigned error, was, therefor, not contrary to law.

We find no reversible error, and the judgment is, therefore affirmed.

NOTE.—Reported in 109 N. E. 2d 440.