RENE'S RESTAURANT CORP. *v.* FRO-DU-CO CORPORATION.

[No. 20,382. Filed September 29, 1965.]

*Royce, Travis, Hendrickson & Travis,* of Indianapolis, for appellant.

*George Martz, Martz & Maley,* and *Johnson & Weaver,* of Indianapolis, for appellee.

SMITH, J.—This is an appeal from the judgment of the Municipal Court of Marion County, Room Number One, in an action brought by the appellee, Fro-Du-Co Corporation, against the appellant, Rene's Restaurant Corporation, for possession of real estate and damages for breach of a leasehold agreement between the parties.

The relevant facts are that the appellee was the owner of certain improved real estate located in the City of Indianapolis and that the appellant entered into a leasehold agreement with the appellee to rent the real estate for restaurant purposes. The terms of the lease were that the appellant-lessee was to pay the appellee-lessor $300.00 per month plus an amount equal to 5% of the appellant's gross receipts in excess of $6,-000.00 per calendar month. The minimum $300.00 was

to be paid in advance on the first day of each month. The percentage rental was to be paid within five days of the close of each calendar month.

In the latter part of 1964 the appellant contacted the appellee and demanded that the latter repair an entraceway to the building which had become rotted and had collapsed blocking passage into the restaurant. The appellee refused and thereafter the appellant caused the entranceway to be repaired. Subsequently when the January 1, 1964 rental payment became due the appellant owed the $300.00 plus $38.04, the latter representing 5% of December's gross receipts. Instead of paying the total amount due of $338.04 the appellant sent the appellee a check for $69.64 plus a receipt for $268.40 representing the cost of repairing the entranceway. The appellee refused to accept this check and on January 8, 1964 notified the appellant that the lease was terminated and demanded possession of the premises within thirty days from that date. Upon the appellant's refusal to surrender the premises the appellee filed this suit for possession and damages.

The issues were formed by the appellee's amended complaint and the appellant's answer in two paragraphs and the appellant's cross-complaint and the appellee's reply in two paragraphs and the answer to appellant's cross-complaint.

The trial court resolved the issues in favor of the appellee and granted a judgment for possession of the real estate and awarded damages in the amount of $3,366.90.

The appellant assigns as error the overruling of the motion for a new trial, the specifications of which are that the decision of the trial court is contrary to law, not sustained by sufficient evidence and the amount of recovery is excessive.

The appellee in this appeal has not deemed it necessary to file an answer brief, therefore this Court in order to reverse the judgment need only determine if the appellant has demonstrated prima facie error. *State ex rel Board of Medical Registration and Examination v. Stucker* (1953), 232 Ind. 76, 111 N. E. (2d) 714; *Reed, Adm. v. Brown* (1939), 215 Ind. 417, 19 N. E. (2d) 1015; *State v. Rousseau* (1936), 209 Ind. 458, 199 N. E. 587; *Finerty, Auditor v. Bryan* (1938), 214 Ind. 570, 16 N. E. (2d) 882.

The appellant in its brief argues that as a lessee it did not breach the lease agreement because it had the duty to make the necessary repairs to the entranceway and deduct the reasonable cost from the rent and that therefore the trial court's decision is contrary to law.

The appellant bases this contention on the fact that one of the terms of the lease provided that the appellee-lessor "shall keep and maintain the outside walls, foundation and roof of the building in good repair and proper condition" and that the repair of the entranceway was within the meaning of this provision of the lease. The appellant further argues that not only was the duty set out in the terms of the lease as being the appellee's but also that the appellee by its prior acts of remedying such defects had recognized the duty was that of the appellee.

The appellant contends that the admissible and competent evidence introduced at the trial supported both of these contentions. Appellant to support its argument cites in his brief the case of *Hendry v. Squier* (1890), 126 Ind. 19, 25 N. E. 830 in which the Indiana Supreme Court stated the rule:

> "If the appellees [landlords] had refused to make the repairs, and put a roof on the part of the building, as they contracted, or had failed to do so within a reasonable time, the appellant [ten-

ant] might have made the repairs and offset the amount against any rent due for the premises." (Insertions supplied)

In *Olinger v. Reahard* (1947), 117 Ind. App. 172, 70 N. E. 2d 436, this Court held:

"It appears from the record that the appellee [tenant] had knowledge of the state of disrepair of the roof. For all the evidence discloses the cost of putting it in repair would have been small. Under such circumstances appellee was entitled to make the repairs and offset the cost against any rent due for the premises; but he could not merely continue his occupancy, suffer damage and charge his landlord therewith." (Insertion supplied)

Clearly the trial court's decision turned on the question of whether the repair of the entranceway was within the meaning of the above quoted provision of the lease. If it was the duty of the appellee to keep it in repair then the appellant did not breach the terms of the lease when he deducted the reasonable repair expenses from his rental payment.

In resolving this question we are not unmindful of the long established common law rule so recognized in this jurisdiction that in the absence of an express covenant or stipulation, a lessor is not bound to make repairs to the leased property, or to keep it in repair nor is he bound to make repairs so as to keep the rented premises in a safe and suitable condition for the tenant's occupancy or use. *Magee v. Ind. Business College* (1929), 89 Ind. App. 640, 166 N. E. 607.

Nor are we unmindful of the rule that where the lease agreement calls for such repairs to be made by

the lessor and he refuses to do so, the lessee may have the repairs made and deduct the reasonable expense of repairing the premises from the rent. *Hendry v. Squier, supra.*

But here we are not called upon to decide whether or not the repair of the entranceway is within the provision of the lease. In the absence of an appellee's answer brief all that is required of this Court is to decide whether or not the appellant has demonstrated prima facie error.

Under the record evidence the appellant has demonstrated that the repair of the entranceway was within one of the terms of the lease agreement and that by previous acts the appellee had recognized this duty.

Prima facie as we understand it means such evidence as is sufficient to establish a given fact and which if not contradicted will remain sufficient. If the appellee maintained that the repair of the entranceway was not within the provision of the lease and if the appellee also asserted that it did not by previous actions recognize its liability and duty under the lease to make the repairs then Supreme Court Rule 2-15 requires the appellee to refute the appellant's assigned error and support argument which the appellee has failed to do.

In light of the above recitation of the appellant's alleged error we are of the opinion that the appellant has demonstrated a prima facie showing of reversible error and since the appellee has not controverted the appellant's brief, as Supreme Court Rule 2-15 requires, the judgment of the trial court is hereby reversed.

Judgment reversed.

Bierly, C.J., Hunter and Mote, JJ., concur.

NOTE.—Reported in 210 N. E. 2d 385.