**FILED**

Apr 03 2023, 9:12 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANTS

Daniel Kahle
Indiana Legal Services, Inc.
Indianapolis, Indiana

Andrew Thomas
Indiana Legal Services, Inc.
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Montgomery Scott Turner and Morgan Mitchell, | April 3, 2023 |
| *Appellants-Defendants,* | Court of Appeals Case No. 22A-EV-2622 |
| v. | Appeal from the Lawrence Superior Court |
| | The Honorable Robert R. Cline, Judge |
| Roxanna Knowles, | Trial Court Cause No. 47D02-2206-EV-173 |
| *Appellee-Plaintiff* | |

**Opinion by Judge Mathias**
Judges May and Bradford concur.

**Mathias, Judge.**

[1] Montgomery Scott Turner and Morgan Mitchell ("the Tenants") appeal the

Lawrence Superior Court's judgment for Roxanna Knowles ("the Landlord").

The Tenants raise a single issue for our review, which we restate as whether the trial court erred when it concluded that the Landlord did not accept the Tenants' surrender of leased property prior to the date through which they had paid their rent. We reverse and remand with instructions.

## Facts and Procedural History

On January 6, 2020, the Tenants entered into a rental property agreement with the Landlord for a residence in Mitchell. Pursuant to that agreement, the Tenants paid a $650 security deposit. On July 9, 2021, the parties executed a second lease for the same property, with the same security deposit carrying over.

On May 4, 2022, the Landlord sent notice to the Tenants that she would be increasing the monthly rent at the residence beginning on June 1. On May 10, the Tenants informed the Landlord via certified mail that they did not accept the rent increase, and, instead, they would vacate the premises by June 1. In that same letter, the Tenants demanded the return of their $650 security deposit and provided a new mailing address at which the Landlord could send them the deposit. The Tenants also had paid their rent under the pre-May agreement's terms through June 21, and they sought remittance of the unused balance of their rent. The Landlord responded to the Tenants that same day and demanded that they vacate the premises within thirty days of May 10.

Nonetheless, on June 2, the Landlord filed a complaint for eviction against the Tenants. The court held a hearing on the Landlord's complaint on June 15. The

Tenants were not present at that hearing because the Landlord had not served them with her complaint. Tr. p. 4. Still, the court held the hearing, and the Landlord informed the court that the Tenants had already "left the residence" and had "let me have the place [on] June the [7th]" by returning the keys to her. *Id.* at 4, 6. She further acknowledged that she had since entered the residence. *Id.* at 7-8.

The court ordered that the Tenants be evicted from the residence and set Landlord's complaint for a damages hearing for August 3. Thereafter, the Tenants learned of the eviction proceedings, retained counsel, and moved to set aside the eviction order due to the lack of service of process. The court granted that motion but denied a corresponding motion for a continuance of the damages hearing.

At the ensuing August 3 damages hearing, the parties agreed that the Tenants had returned the keys to the leased residence to the Landlord by June 7. The Tenants' May 10 certified letter was also admitted into evidence without objection. The Tenants further presented undisputed evidence that the Landlord never provided them with an "itemized receipt accounting for damages" and never returned their security deposit. *Id.* at 75. Based on that evidence, the Tenants argued that the Landlord was not only not entitled to any damages, but they were entitled to a return of their security deposit in accordance with Indiana Code sections 32-31-3-14 to -15 (2021). *Id.* at 121-22.

The court found that the Landlord was entitled to damages for the physical condition of the residence in the amount of $4,727.05, which the court reduced by $500 for loss of value and by an additional $650 for the already-paid security deposit. The Tenants filed a timely motion to correct error, which the trial court denied after a hearing. In its order denying the motion to correct error, the trial court stated that the Indiana Code's provisions on the return of security deposits did not apply here because the "surrender and acceptance" of the residence "occurred on June 21 by virtue of" the Tenants' having paid their rent through that date. Appellant's App. Vol. 2, p. 12. This appeal ensued.

## Discussion and Decision

The Tenants appeal the trial court's conclusion that the surrender and acceptance of the residence happened on June 21 rather than on June 7. Our standard of review is clear:

> We review facts from a bench trial under the clearly erroneous standard with due deference paid to the trial court's opportunity to assess witness credibility. *Morton v. Ivacic*, 898 N.E.2d 1196 (Ind. 2008). "This deferential standard of review is particularly important in small claims actions, where trials are informal, 'with the sole objective of dispensing speedy justice' between parties according to the rules of substantive law." *Id.* at 1199 (quoting *City of Dunkirk Water & Sewage Dep't v. Hall*, 657 N.E.2d 115, 116 (Ind. 1995)). The only issues presented in this case are questions of law. Accordingly, we review them de novo. *Id.*

*Branham v. Varble*, 952 N.E.2d 744, 746 (Ind. 2011).

Further, the Landlord has not submitted a brief on appeal. As our Supreme Court has made clear:

> where, as here, the appellee[] do[es] not submit a brief on appeal, the appellate court need not develop an argument for the appellee[] but instead will "reverse the trial court's judgment if the appellant's brief presents a case of prima facie error." *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 758 (Ind. 2014). Prima facie error in this context means "at first sight, on first appearance, or on the face of it." *Id.*

*Salyer v. Washington Regular Baptist Church Cemetery*, 141 N.E.3d 384, 386 (Ind. 2020).

When the surrender and acceptance of the residence occurred is of material significance. According to Indiana Code section 32-31-3-14:

> Not more than forty-five (45) days after the termination of occupancy, a landlord shall mail to a tenant an itemized list of damages claimed for which the security deposit may be used . . . . The list must set forth:
>
> > (1) the estimated cost of repair for each damaged item; and
>
> > (2) the amounts and lease on which the landlord intends to assess the tenant.
>
> The landlord shall include with the list a check or money order for the difference between the damages claimed and the amount of the security deposit held by the landlord.

And, under Indiana Code section 32-31-3-15: "Failure by a landlord to provide notice of damages under section 14 of this chapter constitutes agreement by the landlord that no damages are due, and the landlord must remit to the tenant immediately the full security deposit." There is no question that, if June 7 is the date on which the parties terminated their lease, the use of the August 3 hearing to provide notice of the damages (as there was no evidence that the Landlord provided notice to the Tenants at any other time) was untimely; likewise, if June 21 is the proper date, the notice of damages at the August 3 hearing was within the statutory forty-five-day window.

[11] We conclude that the Tenants have established prima facie error in the trial court's determination that the parties terminated their lease on June 21 instead of June 7. As the Indiana Supreme Court has held: "termination of the rental agreement occurs after surrender by the tenant and acceptance of surrender by the landlord," provided that "the tenant has supplied a forwarding address."[1] *Lae v. Householder*, 789 N.E.2d 481, 484 (Ind. 2003). As we have added:

> A surrender will arise by operation of law *when the parties to a lease do some act so inconsistent with the subsisting relation of landlord and tenant as to imply they have both agreed to consider the surrender as effectual*. *Paxton Realty Corp. v. Peaker*, (1937) 212 Ind. 480, 9 N.E.2d 96, 100; *Carpenter v. Wisniewski*, (1966) 139 Ind. App. 325, 215 N.E.2d 882; 3A G. Thompson § 1344. Thus, a surrender cannot be effected by the actions of only one party; therefore, a surrender may not be forced upon a landlord by the

---

[1] The Tenants' May 10 certified letter to the Landlord demanded the return of their security deposit and provided the Landlord with an address at which to mail the deposit.

unilateral actions of the tenant. *To constitute a surrender by operation of law, there must be some decisive, unequivocal act by the landlord which manifests the lessor's acceptance of the surrender. Carp & Co. v. Meyer, (1929) 89 Ind. App. 490, 167 N.E. 151; Aberdeen Coal & Mining Co. v. City of Evansville, (1896) 14 Ind. App. 621, 43 N.E. 316; see* G. Thompson § 1342; 52 C.J.S. Landlord and Tenant § 493 (1968). The resolution of whether there has been such a surrender and acceptance will be determined on a case by case basis by examining the acts of the respective parties in each case. *State v. Boyle*, (1976) 168 Ind. App. 643, 344 N.E.2d 302; *Northern Indiana Steel Supply Co. v. Chrisman*, (1965) 139 Ind. App. 27, 204 N.E.2d 668.

In the case at bar, [the tenant] has attempted to attach undue importance to its delivery of the keys to the [landlord's] office by asserting that solely by the act of accepting the keys, the landlord accepted the tendered surrender. This assertion is erroneous. *The keys must be returned and accepted with a view to terminate the tenancy to make this evidence of a surrender. Woodward v. Lindley*, (1873) 43 Ind. 333. Clearly, *the mere delivery of the keys to the landlord without other acts to show the landlord accepted the keys as a surrender of the premises[] is not sufficient to release [a tenant] from further liability*.

*Grueninger Travel Serv. of Ft. Wayne, Ind., Inc. v. Lake Cnty. Trust Co.*, 413 N.E.2d 1034, 1038-39 (Ind. Ct. App. 1980) (emphases added).

[12] Here, the undisputed evidence makes clear that the Landlord accepted the Tenants' surrender of the residence no later than June 7. On May 10, the Tenants sent the Landlord a certified letter stating their intent to vacate by June 1. In that letter, the Tenants acknowledged they had paid their rent through June 21, and they demanded the return of the unused portion of that rent. The

Landlord responded to that letter the same day and demanded the Tenants vacate the premises within thirty days.

[13] Prior to the expiration of that thirty days, however, the Landlord filed her complaint to evict the Tenants from the residence on June 2. A few days after that, although they had not received notice of the complaint, the Tenants returned the residence's keys to the Landlord. The Landlord accepted the keys and then used them to access the premises. After doing so, she admitted to the court at the June 15 eviction hearing that the Tenants had vacated the residence and "let me have the place" on June 7th. Tr. p. 4.

[14] These facts are unlike those in cases where we have held the mere surrender of keys to be insufficient evidence of a landlord's acceptance of the termination of a lease. For example, in *Grueninger*, we held that the landlord did not accept the surrender of the keys as termination of the lease where the landlord had "repeatedly advised [the tenant] of [the landlord's] intention to hold [the tenant] liable under the lease." 413 N.E.2d at 1039. Similarly, in *Figg v. Bryan Rental Inc.*, we held that the landlord did not accept the surrender of the keys as termination of the lease because the landlord demanded the tenant "continue his lease payments until the lease term ended or until a subtenant could be found." 646 N.E.2d 69, 74 (Ind. Ct. App. 1995), *trans. denied*. And, in *Eppl v. DiGiacomo*, we held that the tenant did not present any evidence that the landlord had taken "any decisive, unequivocal action . . . that manifested his acceptance of her surrender of the premises." 946 N.E.2d 646, 652 (Ind. Ct. App. 2011).

[15]     Here, the Landlord made no demand and expressed no intent to hold the Tenants to the lease. Indeed, the evidence is clear that she took decisive, unequivocal action that manifested her acceptance of the Tenants' surrender of the residence when she demanded the Tenants to vacate the premises within thirty days of May 10; when she sought to evict the Tenants by filing her June 2 complaint; and when she admitted to the court that, on June 7, the Tenants had "let me have the place" after returning the keys. Tr. p. 4. Accordingly, the Tenants have shown prima facie error in the trial court's determination that the Landlord's acceptance of the Tenants' surrender did not occur by June 7 but instead occurred on June 21.

[16]     The Indiana Code is clear that where, as here, a landlord fails to provide a tenant with notice of damages within forty-five days of the termination of a lease under I.C. § 32-31-3-15, the landlord agrees as a matter of law that "no damages are due, and the landlord must remit to the tenant immediately the full security deposit." Thus, the trial court erred when it awarded damages to the Landlord for physical damage at the residence and did not order the Landlord to return the $650 security deposit to the Tenants. We therefore reverse the trial court's judgment and remand with instructions to vacate its award of damages for the Landlord and order the Landlord to return the $650 security deposit to the Tenants. We further instruct the trial court on remand to determine the Tenants' reasonable fees and costs in accordance with Indiana Code section 32-31-3-16.

[17]     Reversed and remanded with instructions.

May, J., and Bradford, J., concur.