WHITMAN *v.* LOUTEN *et al.*

(*City Court of New York, Trial Term.* January 24, 1889.)

1. LANDLORD AND TENANT—ACTION FOR RENT—FORMER RECOVERY.

A complaint by a landlord against his former tenants, alleging that during the continuance of defendants' lease the premises were rendered untenantable by fire, and that plaintiff, pursuant to a provision in the lease, repaired them, and tendered them to defendants, who refused to accept them or to pay rent, whereupon he rented them for a less sum, and prays judgment for the difference, is an action for rent, and not for breach of contract, and is therefore not barred by a former recovery of unpaid monthly installments of rent due under the same lease for previous months.

2. SAME—JUDGMENT—RES ADJUDICATA.
    The second action being one in affirmance of the lease and to recover rent accru-. ing afterwards, the judgment in the former action is conclusive upon all questions but the non-payment of the later installments of the rent.
3. SAME—REPAIRS—POSSESSION BY LANDLORD—SURRENDER.
    The temporary possession by the landlord for the purpose of repairing the premises is not an acceptance of a surrender by defendants, or a termination of the lease, but plaintiff can recover the monthly installments due, less the sums received from the subsequent tenant for the same time.

Action by Nathaniel Whitman against Edward A. Louten and others to recover for rent reserved in a lease made by plaintiff to defendants. Verdict was directed for plaintiff, and defendants move for a new trial on the minutes.

*Ira D. Warren,* for plaintiff. *Bangs, Stetson, Tracy & MacVeagh, (Charles E. Tracy,* of counsel,) for defendants.

EHRLICH, J. The complaint declares that during defendant's occupancy of plaintiff's premises under a lease a fire rendered the premises untenantable, and, pursuant to a provision in the lease contained, plaintiff repaired the premises, and tendered the same to defendants, but they abandoned and refused to take possession thereof, or pay rent reserved therefor; that plaintiff thereupon rented the premises for a less sum, and that by reason of the premises there is due and owing to the plaintiff the amount set forth in the complaint, which is for several months the difference between the sum specified in the lease as monthly rent and the sum received therefor from the new tenant. The answer admits the lease, denies the abandonment or refusal to pay rent, alleges that the premises were so far destroyed by fire as to render it necessary to rebuild the same, so that under the terms of the lease the tenancy was terminated, denies the reletting, alleges material and substantial alterations of the premises, and sets up in bar a former recovery of damages for the same breach of contract or covenant as in the complaint alleged. Such former recovery, covering an earlier period under the lease, was proved at the trial, defendants' motion for judgment was denied, and, upon plaintiff's motion, a verdict was directed in his favor, and defendants now ask a new trial upon the minutes.

The first question arises upon the construction of the pleading. The learned counsel for defendants claims that the action is one for damages for breach of contract; while plaintiff's counsel contends that the action is rather an affirmance of the contract of letting, evidenced by the lease, and for the recovery of the rent specified, less sums received from the new tenant, and credited to defendant's account. Taking the complaint as a whole, and construing its provisions liberally, as we are bound to do in furtherance of justice, the latter interpretation must prevail. Indeed, no cause of action can be gathered from the complaint, except it be for the recovery of balance of rent. It is true that only one action can be maintained for the breach of a single contract; but it is equally clear that under a lease for a term of years, reserving monthly rent, separate actions may be brought for the installments of rent, when each shall become due and payable; for such actions would not proceed upon the theory that the lease was terminated, but that it was still in force. If the premises had remained vacant, and plaintiff did not accept a surrender thereof, it is clear, upon principle and authority, that he might have maintained an action for each month's rent when due, down to the end of the term. The temporary possession of plaintiff, while repairing the premises, cannot be construed as a surrender on defendants' part, or a voluntary acceptance of the premises and a termination of the letting on plaintiff's part. The amount claimed from defendants is the precise amount of the rent stipulated, less sums alleged to have been received. The learned counsel for defendants states that "as matter of law, from the moment the landlord made a new lease of the premises, the tenancy of the defendants ceased." Without concurring in this proposition in its broad terms, it is sufficient to say that, as applied to the case at bar,

the judgment in the former action is plainly an adjudication to the contrary, and such adjudication is binding upon a subsequent trial term.

The argument of defendant's counsel, that there must be a new breach of contract to support a second action, need not be further considered. The second action being one in affirmance of the lease, and to recover subsequent rent reserved thereunder, the non-payment of such subsequent rent is the only new fact which plaintiff needed to prove in order to entitle him to judgment, the remaining facts in issue having been already adjudged in plaintiff's favor.

The motion for a new trial should be denied.