DETROIT PHARMACAL CO. *v.* BURT.

LANDLORD AND TENANT—SURRENDER OF LEASE—EVIDENCE.

Evidence that the members of a firm, who were in possession of premises under a written lease for a term of years, after failing in business, informed the lessor that they could not pay rent any longer, but that they expected a corporation would be formed to continue the business, and that such corporation was subsequently organized, to which bills were rendered for the rent falling due under the lease, which bills were paid in checks of the corporation by one of the copartners, who continued to take part in the business,— is insufficient, in the absence of proof of any express agreement that the original lessees should be released, to show that their liability to the lessor ceased with the formation of the corporation.

Error to Wayne; Donovan, J. Submitted April 5, 1900. Decided May 18, 1900.

*Assumpsit* by the Detroit Pharmacal Company against Lou Burt and Myrtle P. Hurlburt for rent. From a judgment for defendants, plaintiff brings error. Reversed.

*Gray & Gray* (*Henry M. Campbell*, of counsel), for appellant.

*Moore & Moore*, for appellees.

HOOKER, J. Burt & Hurlburt, jewelers in Detroit, took from Arthur Bassett a written lease for 10 years of a store building in Detroit. Bassett afterwards sold the premises, subject to the lease, assigning his interest therein, to the plaintiff. After occupying a few years, Burt & Hurlburt failed. In a short time the business was resumed by a corporation organized for the purpose, under the name of the Burt & Hurlburt Company, which, after some years' occupancy, also failed, and abandoned the premises. Plaintiff thereafter rented the place so far as it could, and

at the close of the term brought this action against the defendants to recover the rent due according to the terms of the lease, giving credit for the amounts received from the renting. The defendants claimed that upon their failure they informed plaintiff of the fact, and that they could not pay rent longer, but that they were expecting that a corporation would be formed to continue their business, and, if so, plaintiff could probably rent the premises to it; that, after the corporation was formed, it was treated by the plaintiff as its tenant, and that the effect was an acceptance of the company by plaintiff as its tenant. They also claim that the plaintiff afterwards accepted a surrender of the lease from the company, and took possession. The jury found a verdict for the defendants, and the plaintiff has appealed.

There was evidence showing that the plaintiff was informed that Burt & Hurlburt had failed, and could not continue to occupy the premises, and that thereafter a concern known as the Burt & Hurlburt Company occupied and paid rent. It does not appear that the plaintiff assented to release Burt & Hurlburt, or that it had any dealings with the Burt & Hurlburt Company, further than to make bills against and collect rent from it during the time it occupied. The checks of the company were delivered by one of the defendants, who took part in the business, after the company was formed, as an employé, if nothing more; and what rights the company had it acquired from Burt & Hurlburt, and not from any new leasing by the plaintiff. We think that the testimony did not warrant the instruction contained in defendants' fifth request, viz. :

"If it was agreed between Arthur Bassett, the original lessor of the lease in question, and the partnership doing business under the firm name of Burt & Hurlburt, that Burt & Hurlburt should abandon the premises, and the premises should be leased by Bassett to a new corporation, if a new corporation was formed, and assumed the name of Burt & Hurlburt Company, and said Bassett accepted Burt & Hurlburt Company as tenants, and rendered his

bills to that corporation for his rent, and received from that corporation its checks for said rent, then there was a surrender and cancellation of the lease by operation of law, and the verdict in that case will be for defendants."

Other requests upon the same subject were not supported by the evidence. *Schieffelin* v. *Carpenter*, 15 Wend. 400; *Foley* v. *Dwyer*, 122 Mich. 587 (81 N. W. 569); *Wineman* v. *Phillips*, 93 Mich. 223 (53 N. W. 168); *Stewart* v. *Sprague*, 71 Mich. 50 (38 N. W. 673).

It is contended that the court should have directed a verdict for the plaintiff, as requested. We think otherwise, as there is testimony tending to show a surrender of the lease and occupancy by the plaintiff after the failure of the Burt & Hurlburt Company. *Baumier* v. *Antiau*, 65 Mich. 31 (31 N. W. 888).

The judgment is reversed, and a new trial ordered.

The other Justices concurred.