WALGREEN Co., Appellant, *v.* Aaron Diamond and Others, Copartners Trading under the Firm Name of Diamond Brothers, and Another, Respondents.

First Department, January 15, 1937.

*Charles Ress,* for the appellant.

*Charles Eno* of counsel [*Gustav Nadel* with him on the brief], for the respondents.

Per Curiam. In determining whether this action was prematurely brought, the law of Oklahoma must be applied. As to what is the applicable law of that State constitutes an issue of fact upon which there is a sharp conflict. Only in the absence of any evidence to the contrary, will it be presumed that the common law of Oklahoma is the same as the common law of this State. (*Cherwien* v. *Geiter*, 272 N. Y. 165; *Matter of Marchant* v. *Mead-Morrison M. Co.*, 252 id. 284, 303.) Neither the affidavits submitted in support of the motion for summary judgment nor the opinion in the case of *Rucker* v. *Mason* (61 Okla. 270; 161 P. 195), which authority is relied upon by plaintiff, set forth the provisions of the lease there interpreted. That lease contract may have contained a damage clause making the tenant responsible for monthly deficits after the re-entry of the landlord (Cf. *Mann* v. *Munch Brewery*, 225 N. Y. 189; *McCready* v. *Lindenborn*, 172 id. 400), in which event the *Rucker* case would not be controlling here, as the lease in this case contains no such provision. The issue as to whether this action was prematurely brought could not in the circumstances be determined at the Special Term. At a trial, proof as to the foreign law additional to that presented upon the motion for summary judgment may be adduced.

The order so far as appealed from should be affirmed, with twenty dollars costs and disbursements to the respondents.

Present — Martin, P. J., O'Malley, Townley, Glennon and Cohn, JJ.

Order so far as appealed from unanimously affirmed, with twenty dollars costs and disbursements.