STATE ex rel. COMMISSIONERS OF LAND OFFICE

v.

BRIGHT.

No. 35652.

Supreme Court of Oklahoma.

Dec. 22, 1953.

R. H. Dunn, R. D. Mahan, Oklahoma City, for plaintiff in error.

J. A. Rinehart, Rinehart & Rinehart, El Reno, for defendant in error.

JOHNSON, Vice Chief Justice.

This is an appeal by the Commissioners of the Land Office of the State of Oklahoma from an adverse ruling upon its motion for judgment on the pleadings in its suit to collect an alleged balance due from defendant on a rental contract between it and the defendant.

It alleged that it leased defendant certain real property for the year of 1940, at a rental of $250, payable $125 upon execution of the lease, and $125 on the first day of July, 1940. A copy of the lease was attached to its petition as a part thereof. The lease was made subject to the right of the Commission to sell the property therein described at any time, and that upon such sale prior to the expiration of the lease, the lease should thereupon expire.

Defendant answered by general denial and, inter alia, alleged that the property covered by the lease was sold to defendant on June 25, 1940; that under the terms of the lease it expired upon date of sale and he, therefore, did not owe any further rentals.

Plaintiff replied by denying generally the allegations of defendant, and alleged that the defendant purchased the said property involved upon the terms and conditions of the notice of sale, made and published according to law; that the notice provided among other things, that each tract will be sold subject to the right of the present lessee to harvest all crops growing thereon, and the State reserved the right to collect all rentals to be due from such lessee on account of crops then growing on the premises.

Plaintiff then filed its motion for judgment on the pleadings, which was overruled as to plaintiff, and judgment rendered on the pleadings for defendant, resulting in this appeal.

The rights of the parties under the lease must be determined from the provisions of the lease. Magnolia Petroleum Co. v. Price, 86 Okl. 105, 206 P. 1033. Under the lease the plaintiff could sell or not as it chose and in this case it was alleged by defendant that plaintiff did sell the

property on June 25, 1940, to defendant, which stands admitted by plaintiff's motion for judgment on the pleadings. When the lessee purchased the fee, the lease under its terms expired and likewise the relationship of landlord and tenant. Such purchase operated as a merger of the term of the lease, and as a consequence, the convenant in the lease to pay rent was extinguished. Id. 32 Am.Jur., Landlord and Tenant, § 829, et seq. and pocket parts; 19 Am.Jur., Estates, § 135 and 136.

Judgment affirmed.

HALLEY, C. J. and CORN, DAVISON, O'NEAL, JJ., concur.

ARNOLD, J., concurs in conclusion.

WELCH, WILLIAMS and BLACK-BIRD, JJ., dissent.