The LIBERTY PLAN COMPANY, an Express Trust, Plaintiff in Error,

v.

Theo ADWAN, Defendant in Error.

No. 39494.

Supreme Court of Oklahoma.

March 27, 1962.

Rehearing Denied April 24, 1962.

Sam S. Gill, B. H. Carey, Oklahoma City, for plaintiff in error.

Carl W. Hogge, Oklahoma City, for defendant in error.

## PER CURIAM.

Theo Adwan, hereinafter called plaintiff, commenced this action against The Liberty Plan Company, hereinafter called defendant, to recover $7,125 for rents due from August 1, 1953, to August 1, 1958. The judgment was for the plaintiff for the full amount of the prayer, after a verdict of the jury, and defendant appealed.

The evidence discloses that plaintiff and defendant executed a lease under date of February 14, 1950, covering the north room of a building at 3002 Paseo, Oklahoma City, Oklahoma. This lease was for a provisional maximum of ten years, renewable by options at certain periods during the ten years. The last option to renew was exercised under the terms of the lease in 1952, and the expiration date of the lease under the option was March 1, 1960.

On the 30th day of July, 1953, defendant wrote the following letter:

"Dear Mr. Adwan:

"We have vacated property at 3002 Paseo Street, Oklahoma City and desire to relinquish our lease on the property as of now.

"Air Conditioner, Electric Light Fixtures, Second Rest Room equipment, etc. which we did not remove may now be considered your property. They should help some in assisting you in finding a new tenant.

"Yours very truly,
THE LIBERTY PLAN COMPANY
BY: /s/ Earnest H. Gill
President.
EHG:av

PS: Key to property is enclosed herewith."

On August 7, 1953, plaintiff wrote the following letter to defendant:

"The Liberty Plan Company
107 North Broadway
Oklahoma City, Oklahoma.

"Attention Mr. Earnest Gill

"Gentlemen:

"We have been employed by Mr. Theodore B. Adwan. We represent him in connection with the lease on the property at 3002 Paseo. We are unable to understand your position in this matter, and this letter is to notify you that acceptance of the keys to the property by Mr. Adwan does not in any manner constitute a waiver on his part, or evince an intention on his part to relieve you of your obligation under this lease.

"Mr. Adwan will immediately take steps to advertise the property and make every effort to mitigate your damages, but will definitely hold you liable for all costs of advertising, loss of rent and damage to the property sustained while you were in possession.

"Very truly yours,
PRIEST, BELISLE & FAUSS
By: /s/ Edward J. Fauss
EJF:mh"

The property remained vacant for several months. It was then rented and it was stated by the defendant at the trial that the $7,125 is the correct balance due under the lease which it was obligated to pay unless the issues raised in the answer and cross-petition filed by the defendant prevailed.

■ Defendant first argues that the plaintiff accepted the property set out in the letter of July 30, 1953, took possession of the premises, altered them to suit a new tenant and therefore the obligation under the lease is ended.

In Conner v. Warner, 52 Okl. 630, 152 P. 1116, it is stated:

"If a tenant wrongfully abandons leased premises before the expiration of the terms, the landlord may, at his election: (a) At once enter and terminate the contract and recover the rent due up to the time of abandonment; or (b) he may suffer the premises to remain vacant and sue on the contract for the entire rent; or (c) he may give notice to the tenant of his refusal to accept a surrender, when such notice can be given, and sublet the premises for the unexpired term for the benefit of the lessee to reduce his damages—but if the landlord forcibly takes possession of the premises, without the consent of the tenant, and retains the same, he cannot recover to exceed the amount of rent due up to the time he took possession."

In Higgins v. Street, 19 Okl. 45, 92 P. 153, 13 L.R.A.,N.S., 398, it is stated:

"* * * In order to constitute a surrender there must be shown a mutual agreement between the lessor and lessee. A lease in writing constitutes a written contract, and the lessee cannot surrender it or be released from its terms without the consent of the lessor, and it is absolutely essential to the termination of the term that both the lessor and lessee agreed to the surrender; and, when this is shown, the tenant is no longer liable. * * *"

Defendant cites Hargrove v. Bourne, 47 Okl. 484, 150 P. 121, and Rucker v. Mason, 61 Okl. 270, 161 P. 195, and states that the plaintiff waived any right to claim under the lease by failing to notify the defendant that he was reletting the premises in its behalf. These cases are not applicable. In the Hargrove case the landlord personally took possession of the leased hotel and operated the same and such acts were found to be so incompatible with restricted entry as to amount to an acceptance of the tenant's surrender and termination of the lease. In the Rucker case the later leases, after surrender by the original tenant, stated the leasing was to mitigate the damages chargeable to the original defaulting tenant. This was cited as evidence of the landlord's intention not to accept a surrender of the premises, or release the defendant from the terms of the lease. In the present case the plaintiff gave notice of refusal to release defendant and intent to mitigate defendant's liability by renting the premises. The acts of plaintiff were in accord with the above stated law.

In Hoke v. Williamson, 98 Kan. 580, 158 P. 1115, it is stated:

"Consent of the landlord is not implied from the mere fact of a reletting, or from failure to notify the tenant of a reletting, and notice to the tenant of a reletting is not essential in order to prevent surrender by operation of law."

■ The items left in the building were fixtures and the acceptance of the building under the circumstances did not bind the plaintiff or prevent his recovery under the lease.

■ Defendant next argues that in reletting the premises plaintiff so changed the room that it could not be occupied by the defendant as a restaurant, the purpose for which it was rented to the defendant. Defendant cites certain cases which are authority for the rule that if there is such a change in the premises as to render it impossible for the lessee to re-enter there is a breach of the lease. These cases are not applicable. The only change in the premises made for the tenant was the placing of a tile floor in the room and the making of a doorway into the south room. This was not such a substantial change as to come within the cases cited by the defendant and defendant was not released from its obligation by reason of these changes. In a cross-petition defendant sought to recover $300 damages due to failure to repair the roof. The alleged agreement to repair the roof and the effect was submitted to the jury as a question of fact. This was resolved against the defendant and in favor of plaintiff. As stated in Shumate v. Prague National Bank, Okl., 367 P.2d 720, where questions of fact are submitted to the jury under instructions fairly stating the law the verdict and judgment rendered thereon will not be disturbed.

Defendant next argues error in giving and refusing certain instructions. It is argued that it is the duty of the court to give instructions on the fundamental issues and defendant cites in support of this rule Cole v. Anderson, Okl., 304 P.2d 295; and Pechacek v. Hightower et ux., Okl., 269 P.2d 342, and related cases. We have examined the instructions given and find that they submitted the issues above discussed. There was no fundamental error in this respect.

■ Defendant complains of Instruction No. 5 in which the jury was advised that the judgment should be for the plaintiff unless defendant proved all its allegations in the answer and cross-petition. Considering the stipulation of defendant at the commencement of the trial relating to the amount to be recovered any error in this instruction was harmless. It left to the jury as a question of fact both the issue of waiver of the right to recover rentals and the issue of damages alleged in the cross-petition. There was no reversible error in giving this instruction.

Judgment affirmed.

BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.