COMMISSIONERS OF LAND OFFICE — — AUTHORITY TO TRANSFER OF LEASE The Commissioners of the Land Office of the State of Oklahoma have the legal authority to refuse to approve the transfer of a lease executed by them for and on behalf of the State of Oklahoma, and where such authority is exercised they are not required to make an official record of their reasons for disapproval. The Attorney General has considered your opinion request wherein you ask the following questions: "(1) Do the Commissioners of the Land Office of the State of Oklahoma have the legal authority to refuse to approve the transfer of a lease executed by the Commissioners of the Land Office for and on behalf of the State of Oklahoma? "(2) In the event the Commissioners of the Land Office determined that they do not approve of a requested transfer of a lease, must the reasons for the disapproval be officially stated in the records (minutes) of the Department?" Title 64 O.S. 241 [64-241] (1961), provides: "All the public lands of this State shall be subject to lease in the manner provided herein. The Commissioners of the Land Office shall have charge of the leasing of such lands. R. L. 1910, 7170." Section 266 which authorized the passage of rules and regulations relating to the leasing and sub-leasing of lands has been repealed. Laws 1965 C.401, 3. Effective July 5, 1965. Section 260, now in effect, provides: "The Commissioners of the Land Office are hereby authorized and empowered to make and promulgate rules and regulations relating to the appraisement of land and any improvements located upon such lands as may be owned by the State, leasing and sub-leasing such lands and improvements, reservation of rights and interest, collection of rentals, conservation and preservation of such lands and the fertility thereof and any other rules and regulations necessary in order that the purposes for which such lands are owned and held by the State may be accomplished. Laws 1965, C. 401, 2." Pursuant to such statutory authority, the Land Office has enacted the following rules and regulations. Section 4-201 provides: "All leases of land for agriculture, grazing or commercial purposes shall be in writing, and shall be upon such terms and conditions and at such rental as may be fixed by the Commissioners. . . "A lessee shall possess only such rights as are recited in his lease and no lessee shall have any rights which extend beyond the term of his lease unless recited therein." Section 4-213 provides: "No lease or any improvements thereon owned by the lessee may be assigned, transferred, conveyed or relinquished without prior written consent of the Commissioners, except assignments of leases as security for the payment of loans." Sections 4-501 through 4-504 provide: "No lessee may assign his lease to another, except as collateral security for the loan as provided in Section 4400, et seq., of these rules and regulations. However, any lessee may relinquish his lease (to the State of Oklahoma) on the condition that a lease be granted to his transferee for the unexpired term with the permission of the Commissioners. "4-502. A lessee desiring to transfer his lease to another must, with his spouse, execute a bill of sale conveying all the improvements upon the lease belonging to the lessee. The relinquishment form on the reverse side of the lease must be acknowledged by the lessee and his spouse, if married, before a notary public or other officer with a seal authorized to take acknowledgments. Executed copies of these instruments must be filed with the Commissioners. "4-503. Upon receipt by the Commissioners of a bill of sale, a relinquishment, properly executed, and upon payment of required transfer fee, a form designated `Application Pursuant to Relinquishment' will be mailed to the proposed transferee. This form must then be properly executed and returned to the office of the Commissioners. Upon receipt thereof the Commissioners will ordinarily cause the lease to be reappraised for rental purposes. If the lease is re-appraised, a lease containing the new rental for the balance of the term will be sent to the transferee for execution. Should the Commissioners determine no re-appraisal is necessary or desirable, a lease for the balance of the term of the original lease, at the same rental, will be sent to the transferees for execution. . . "4-504. Upon the return of the executed lease, and payment of the pro-rated rental at the new rate from the date of the relinquishment to the end of the current year, the transfer will be referred to the Commissioners for consideration. If a transfer by relinquishment is approved, a new lease for the unexpired term will be executed by the Commissioners; if not approved, the original lessee and the transferee will be notified immediately of the action of the Commissioners and the tendered rental refunded to the transferee." The Attorney General is informed by your letter that leases now in use provide: "11. This lease, or any improvements owned by second party located on said land, shall not be assigned, transferred, conveyed or relinquished, or said premises subleased, without written consent of the first party, except the second party is encouraged to permit individual hunters and fishermen on the land and may give such permission without written consent by first party and, further, that second party may accept and retain all fees for permitting such hunting and fishing." On the reverse side of the lease is printed: "Relinquishment" (To be used in transferring this lease). "We, and, husband and wife, and and husband and wife, for value received, hereby relinquish all our right, title and interest in and to the within lease and land therein described to the State of Oklahoma, upon the condition that a new lease for the unexpired term be granted to whose post office address is This relinquishment is made and accepted by all parties subject to the approval of the Commissioners of the Land Office of said State and a new appraisement of said land if deemed necessary and ordered by said Commissioners. And as a part of this relinquishment the lessee hereby represents that no waste of any kind or character has been committed upon or against said land, and no timber has been cut or removed, no stone has been quarried or removed, no minerals have been taken therefrom and no sand or gravel or other deposits of like character have been taken therefrom without a permit issued by the Commissioners and for which the State has not been paid except Lessee Wife (Acknowledgment)" The Supreme Court of Oklahoma in State ex rel. Commissioners of Land Office v. Bright, Okl., 264 P.2d 725, held: "The rights of the parties under the lease must be determined from the provisions of the lease. Magnolia Petroleum Co. v. Price,86 Okl. 105, 206 P. 1033." From the foregoing it clearly appears that the Commissioners of the Land Office of the State of Oklahoma have the legal authority to refuse to approve the transfer of a lease executed by the Commissioners of the Land Office for and on behalf of the State of Oklahoma. Where the Commissioners choose to disapprove a requested transfer of a lease, are they required to state the reasons for the disapproval in the official records? It will be noted that under the terms of the lease which is presently in use, the lessee has an affirmative duty to acquire the lessor's written consent to a proposed transfer. The lessor, which is the State of Oklahoma, has not undertaken to give consent except for cause. Hence, the Commissioners of the Land Office are not required to make an official record of their reasons for disapproval, and have refunded his tendered rental. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: (1) The Commissioners of the Land Office of the State of Oklahoma have the legal authority to refuse to approve the transfer of a lease executed by them for and on behalf of the State of Oklahoma. (2) The Commissioners of the Land Office are not required to make an official record of their reasons for disapproval of a requested lease transfer. (Marvin C. Emerson) ** See: Opinion No. 71-298 (1971) **