Grant C. CARPENTER, Appellee,

v.

Ray RIDDLE, Appellant.

No. 46421.

Supreme Court of Oklahoma.

Oct. 15, 1974.

Jack S. Dawson, Hunt & Thomas, Oklahoma City, for appellee.

Charles W. Ellis, Ron Shotts, Oklahoma City, for appellant.

IRWIN, Justice:

The trial court awarded Appellee, Grant C. Carpenter (lessor) rent allegedly due from Appellant, Ray Riddle (lessee). Lessee appealed. Court of Appeals reversed [45 OBJ 856]; and lessor petitioned for certiorari.

The parties hereto executed a lease for the term of 24 months at $275.00 per month, for a total sum of $6,600.00, paying the first and last month's rent in advance. After 17 months, lessee abandoned the premises and paid no further rent. Lessor refused lessee's tender of the key, but installed a new lock on the premises, giving lessee a key to same. Lessee left some materials on the premises and picked up all or a part of these items three weeks after leaving the premises. Lessor relet the property five months later.

Generally, in Oklahoma, if a tenant wrongfully abandons leased premises before the expiration of the term, the landlord, at

his election, may: (1) terminate the lease contract, enter and take possession recovering accrued rents to the date of entry, or (2) do nothing to terminate the lease or disturb possible possession and sue at the appropriate time for the entire term, or (3) give notice to defaulting tenant of his refusal to accept the surrender (when such notice can be given), and sublet the premises for the benefit of the tenant to mitigate his damages. The Liberty Plan Co. v. Adwan (1962), Okl., 370 P.2d 928.

 Parties to the lease, however, can provide in their contract for remedies for its breach. "The rights of the parties under the lease must be determined from the provisions of the lease." State ex rel. Comm'r Land Office v. Bright (1953), Okl., 264 P.2d 725. And where the "contract provides a remedy for a breach, that remedy, [if reasonable,] is generally exclusive." Pan Mut. Royalties, Inc. v. McElhiney (1962), Okl., 376 P.2d 232.

The lease of the parties hereto contains the following language:

> "That upon the failure of the second party (lessee) to pay the rentals or any part thereof as herein provided, or to otherwise comply with the terms and conditions of this lease, then the first party (lessor) may declare this lease thereby ended and determined, and reenter and take possession of the premises, and notice of such election and demand of possession are hereby waived * * *."

The Court of Appeals held that the remedies provided in the lease were exclusive. We cannot agree. The parties failed to provide in the lease for the occurrences which took place herein. The lease provisions were directed only to those times when the lessee remained in possession and defaulted in the rent, not to the wrongful abandonment by the lessee who fails to pay his rent. Since the lease by its own terms did not provide for the situation herein, the common law remedies of the lessor apply.

The lessee cannot by his unilateral abandonment terminate the lease (Higgins v. Street (1907), 19 Okl. 45, 92 P.153, 21 A.L.R.3d 547) and force the lessor to reenter and take possession. The choice (after a lessee has abandoned) is one for the lessor to make.

Though the evidence is conflicting as to when lessor re-entered and took possession, the trial court's finding, in essence, that the lessor never consented to the abandonment, but gave notice to lessee that lease was not to terminate and re-entered only with the intent to mitigate lessee's damages is supported by the evidence. The effect and weight to be given the testimony is for the trier of fact (Oklahoma Transp. Co. v. Claiborn (1967), Okl., 434 P.2d 299) and if not against the clear weight of the evidence will not be disturbed on appeal. Durkee v. Hazan (1968), Okl., 452 P.2d 803.

Accordingly, the Court of Appeals' decision is reversed and the judgment of the trial court is affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, HODGES, LAVENDER, BARNES and SIMMS, JJ., concur.